UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEVEN R. REYNOLDS,
*also known as Devin Jones*,

                      Plaintiff,

v.                                         Case No. 21-cv-874-pp

3RD DISTRICT ARRESTING OFFICER,
JUDGE JANET PROTASIEWICZ,
ATTORNEY ANNA MARIE WINEKE,
and MILWAUKEE COUNTY COURTS AND
CORRECTIONAL FACILITIES,

                      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM AND AS FRIVOLOUS**

---

Deven R. Reynolds (also known as Devin Jones), who is in custody at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his right to due process by arresting, charging and prosecuting him under an incorrect name. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was in custody when he filed his complaint. <u>See</u> 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case

without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the incarcerated plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his trust account. Id.

On July 27, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $11.83. Dkt. No. 5. The court received that fee on September 7, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated plaintiffs seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A "frivolous" complaint "lack[s] an arguable basis either in law or fact." Felton v. City of Chi., 827 F.3d 632, 635 (7th Cir. 2016) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). A complaint is factually frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." Id. (quoting Denton v. Hernandez, 504 U.S.

2

25, 32–33 (1992)). Allegations that are merely "unlikely," "improbable," or "strange," do not meet this standard. Id. (quoting Denton, 504 U.S. at 33). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." Id. (quoting Neitzke, 490 U.S. at 327–28). A "malicious" complaint is one brought for purposes of harassment. Heard v. Blagojevich, 216 F. App'x 568, 570 (7th Cir. 2007) (citing Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003)).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting

under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that he is being held at the jail on general population restricted status. Dkt. No. 1 at 2. He says he repeatedly has been arrested, booked and held at the jail and has been in and out of the Wisconsin state legal system for years, always under an incorrect name. Id. He says that when, as a thirteen-year-old boy, he initially was arrested by a District Three police officer, he wrongly was identified as "Devin R. Jones." Id. He asserts that since then, he has attempted to correct the alleged error with no success. Id. He alleges he tried to tell the arresting officer (3rd District Arresting Officer), the judge before whom he appeared in Case No. 2017CF2553 (Judge Janet Protasiewicz) and his public defender (Anna Marie Wineke) that they were using the wrong name. Id. He says that these individuals did not believe him and did not try to verify his identification or correct the error. Id. at 2–3. The plaintiff asserts he never misidentified himself or used false identification.[1] Id.

---

[1] Although the name the plaintiff signed on the complaint is Deven Reynolds, id. at 5, the name on the envelope he used to mail the complaint is Devin Jones, dkt. no. 1-1.

4

The plaintiff says the incorrect name has "been used uncaringly against [him,] simply to ensure and achieve conviction and incarceration with no additional effort," in violation of his right to due process. Dkt. No. 1 at 3. He says he has suffered mental and emotional pain, anxiety, depression and "steep financial losses" from the use of the wrong name. Id. The plaintiff asks the court to correct the error, reprimand "the guilty parties," institute "correct polic[i]es," cover the costs for his "mental health services" and compensate him for his suffering and loss. Id. at 3–4. He seeks $150,000 in damages. Id. at 4.

C.   Analysis

The court has several concerns with the complaint. First, as far as the court can tell, the plaintiff has not formally addressed this issue in any of his state court criminal cases, past or pending. The plaintiff alleges that he was arrested, prosecuted and incarcerated under a false name in his criminal case, which he says is 17CF2553. That is a Milwaukee County case in which Devin R. Jones, with a date of birth in 1997 and an address on North 22nd Street (presumably the plaintiff in this case), pleaded guilty to drug possession charges. See https://wcca.wicourts.gov/ (State v. Devin R. Jones, Case No. 2017CF002553, Milwaukee County Circuit Court). On August 23, 2018, Judge Janet Protasiewicz sentenced him. Id. Attorney Anna Marie Wineke represented the plaintiff until December 28, 2017, when the court granted her motion to withdraw. Douglas J. Rebholz (not a defendant) replaced Wineke in January 2018 and remained the plaintiff's attorney. Id. Nothing on the electronic docket

5
Case 2:21-cv-00874-PP   Filed 12/31/21   Page 5 of 15   Document 11

suggests that the plaintiff contested the name used in the criminal complaint or information or used to refer to him during the pendency of the case.

The Wisconsin Circuit Court Access Program lists two other cases for Devin R. Jones with the same birthdate, both also in Milwaukee County. The first is also from 2017 and was scheduled to track the other 2017 case. See id. (State v Devin R. Jones, Case No. 2017CF003247, Milwaukee County Circuit Court). Judge Protasiewicz also presided over that case, and the same attorneys represented the plaintiff during the same dates noted above. Id. The plaintiff pleaded guilty to three charges, and Judge Protasiewicz sentenced him on the same day as in his other 2017 case (August 23, 2018). Id. That sentence was imposed to run concurrently to the sentence imposed in Case No. 17CF2553. Id. As with the other 2017 case, nothing on the docket for this case suggests the plaintiff contested the name under which he was arrested, charged and prosecuted.

The third case is from 2019 and remains open before a different judge and with different defense attorneys (who are not named as defendants in this case). Id. (State v. Devin R. Jones, Case No. 2019CF005440, Milwaukee Circuit Court). Trial is scheduled for October 18, 2021, on charges of felony murder and unlawful possession of a firearm by a convicted felon. Id. In this third case (unlike the two 2017 cases), there is an "Also known as" section for the plaintiff. Id. But the alias listed is "Deven Jones," an alternate spelling of the plaintiff's first name. There is no alias of Deven Reynolds or Deven R. Reynolds. Id. "Deven Jones" is a party in only one other case, and that is a small claims

6

Case 2:21-cv-00874-PP   Filed 12/31/21   Page 6 of 15   Document 11

case in Dane County. Id. (Franklin Squire Condo LLC, *dba* Fitchburg Square Apts. V. Deven Jones, Case No. 2020SC000486, Dane County Circuit Court).

WCCAP shows only one case under what the plaintiff asserts is his correct name, "Deven R. Reynolds." That case is a paternity lawsuit, not a criminal case. See id. (In re Paternity of Z.R., Case No. 2017PA002849PJ, Milwaukee County Circuit Court. This case lists an alias for Deven R. Reynolds (the alleged father) of "Devin R. Jones"—the name the plaintiff argues that the defendants in this case wrongly assigned him.[2]

The court's second concern is that even if the plaintiff had raised this issue in his state court cases (assuming that he was required to do so before bringing a federal lawsuit), he has no federal or constitutional right to be arrested, charged or prosecuted under a specific name. The Fourteenth Amendment to the U.S. Constitution prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, §1. The Seventh Circuit Court of Appeals has held that "[d]ue process requires government to follow reasonable procedures for minimizing mistaken deprivations of liberty." Atkins v. City of Chi., 631 F.3d 823, 827 (7th Cir. 2011). But this refers to claims that the police arrested, and the government prosecuted, the *wrong person*. Id. at 826–28. It does not address claims that the government had the *right person* under the *wrong name*.

---

[2] The plaintiff does not have any other cases in any court in this district, closed or open, under the name Deven Reynolds, Devin Jones or Deven Jones.

The plaintiff does not allege a claim of misidentification; he has not argued that the police arrested the wrong person. By pleading guilty, he admitted that he *was* the right person, that he did what the criminal complaint alleged that he did and that he committed the crimes to which he pled guilty. Nor does he claim he is the wrong person in his pending criminal matter (Milwaukee County Case No. 2019CF005440), which his complaint does not mention. The plaintiff's claim is more accurately described as one of *misnomer* (the right person known by the wrong name), rather than *misidentification* (the wrong person). See McCrite v. GRW Corp., No. 05-CV-4192-JPG, 2007 WL 1189379, at *4 (S.D. Ill. Apr. 19, 2007) (explaining the difference between the two terms in the context of naming a party in a lawsuit). The plaintiff's allegations of misnomer, rather than of misidentification, do not state a due process violation for which he may seek damages under §1983. The plaintiff has no constitutional right to ensure the state uses the correct name in its prosecutions against him for crimes he admits he committed. See Cabasquini v. New Haven Police Dep't, No. 3:19-CV-01873 (JAM), 2019 WL 6726399, at *1 (D. Conn. Dec. 11, 2019) (citing Brown v. Kramer, 2009 WL 2190079, at *2-3 (C.D. Cal. 2009)) ("If there is probable cause to support the arrest of someone for committing a crime, the Constitution does not require that the police use the person's correct name."). The plaintiff has a right not to be incarcerated—and thus his liberty deprived—for things he *did not do*, but no right to have a particular name used when he is prosecuted and convicted for things he *did* do.

The plaintiff's claim is frivolous. At most, it is an issue he should address in his state court cases or with other branches of the state government. It is not a matter for federal court and does not provide a basis for damages under §1983.

Even if the complaint had alleged a claim for which a federal court could grant relief, the named defendants either are immune from suit or are not suable entities. The arresting officer had no duty to investigate the plaintiff's claim that he had been misidentified—even if that were the claim the plaintiff was alleging. See Atkins, 631 F.3d at 828. Nor would the officer be liable for arresting the plaintiff, as long as he acted reasonably in executing an arrest warrant or concluding he had probable cause for the plaintiff's arrest. See Brown v. Patterson, 823 F.2d 167, 169 (7th Cir. 1987) (citing Hill v. California, 401 U.S. 797, 803–05 (1971)). Again, the plaintiff does not contest his guilt of the crimes and has pleaded guilty to the 2017 charges. He does not allege that the arresting officer acted unreasonably when arresting him. He alleges only that the officer got his name wrong, even though the name the officer had (Devin Jones) is one the plaintiff has been known by for at least eleven years. The court knows of no legal theory under which an officer could be held liable for arresting the *correct* person who committed the alleged crimes and who insists only that the officer had the wrong name.

Nor may the plaintiff proceed on a claim against Judge Protasiewicz. Judges are absolutely immune from civil liability in the performance of their judicial functions. Mireles v. Waco, 502 U.S. 9, 9–10 (1991); Stump v.

9
Case 2:21-cv-00874-PP   Filed 12/31/21   Page 9 of 15   Document 11

Sparkman, 435 U.S. 349, 363 (1978). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. Harlow v. Fitzgerald, 457 U.S. 800, 810–11 (1982); Smith v. Schwarz, 46 F. App'x 374, 375 (7th Cir. 2002) (citing Wilson v. Kelkhoff, 86 F.3d 1438, 1443 (7th Cir. 1996) and Walrath v. United States, 35 F.3d 277, 280–81 (7th Cir. 1994)). Judges are absolutely immune for performing actions "that are 'closely associated with the judicial process.'" Smith, 46 F. App'x at 375 (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)). The purpose of judicial immunity is to "protect[] judges from the fear of future litigation brought by disgruntled litigants unhappy with judicial decision-making." Agrawal v. Pallmeyer, 313 F. App'x 866, 867 (7th Cir. 2009) (citing Forrester v. White, 484 U.S. 219, 226–27 (1988)). The plaintiff may not sue Judge Protasiewicz under §1983 for her actions or decisions made as the judge in the plaintiff's criminal cases.

The plaintiff also may not sue Attorney Wineke, his appointed public defender during a portion of his closed state court criminal cases. Defense attorneys, whether public defenders or privately retained counsel, are not "state actors" and cannot be held liable under §1983 for their actions as a party's attorney. See Walton v. Neslund, 248 F. App'x 733, 733 (7th Cir. 2007) (citing Polk Cty. v. Dodson, 454 U.S. 312, 318 (1981); and Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998)); see also Polk, 454 U.S. at 325 ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

The plaintiff also named Milwaukee County Courts and Correctional Facilities as a defendant. Section 1983 allows a plaintiff to sue a "person" who he alleges violated his rights while acting under color of state law. "Milwaukee County Courts and Correctional Facilities" is not a person who may be subject to suit under §1983. Parks v. Wisconsin, No. 19-CV-536, 2019 WL 2359218, at *2 (E.D. Wis. June 4, 2019) (citing Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993)). Perhaps the plaintiff intended to sue the jail, where he has been held under the allegedly false name. Under Wisconsin law, the Milwaukee County Jail "is not a legal entity separable from the county government which it serves," and is not subject to suit under §1983. Whiting v. Marathon Cty. Sherriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004).

The plaintiff has not stated a claim for which a federal court may grant relief nor named defendants who are subject to suit. Even if he had, the court still would not allow him to proceed in this lawsuit. The plaintiff asserts that the misnomer in his cases has been used "to ensure and achieve conviction and incarceration." Dkt. No. 1 at 3. That suggests he seeks to obtain monetary damages for his allegedly wrongful convictions and/or sentences. But he may not challenge his conviction or sentence under §1983. The proper avenue for contesting a state court conviction or sentence is an appeal in the state court or, if that fails, a petition for a writ of *habeas corpus*. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973)) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a

claim may come within the literal terms of § 1983."). The plaintiff may not seek damages in this or any civil action unless and until his state court convictions and sentences are invalidated. See id. at 486–87.

To the extent the plaintiff asks the court to intervene in his *pending* state court criminal matter, the court will not do so. Under the Anti-Injunction Act, 28 U.S.C. §2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The three exceptions are construed narrowly, and "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" Zurich Am. Ins. Co. v. Superior Court for State of Cal., 326 F.3d 816, 824 (7th Cir. 2003) (quoting Atlantic Coast Line R.R. Co. v. Broth. of Locomotive Eng'rs., 398 U.S. 281, 297 (1970)). A district court may enjoin a state criminal proceeding only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Id. at 46.

The plaintiff's claim does not fall under any of the three listed exceptions to the Anti-Injunction Act. Nor does he allege extraordinary circumstances that

would permit the court to become involved in his state court criminal case. The plaintiff has an attorney representing him in his pending criminal case and defending him against the prosecution. Any concern the plaintiff has in his pending case should be addressed to his attorney or the presiding state court judge. This court will not take any action in the plaintiff's pending state case.

The plaintiff's complaint fails to state a claim for relief under §1983 and is frivolous. District courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, but the court need not do so where the amendment would be futile. See Boyd v. Bellin, 835 F. App'x 886, 889 (7th Cir. Feb. 10, 2021). The plaintiff's complaint is thorough in its allegations of facts surrounding his claim. Because the court concludes that the plaintiff does not state a violation of a federal right, does not name a proper defendant and does not seek relief the court may give him, the court finds that amendment would be futile.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim and is frivolous. The court will enter judgment accordingly.

The clerk will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$338.17** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Milwaukee County Sheriff Earnell R. Lucas, 21 W. State Street, Room 107, Milwaukee, WI 53233, and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233. The court will email a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of December, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**